REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 18, 2024

FROM: ADMINISTRATIVE REMEDY COORDINATOR
CENTRAL OFFICE

TO : RASHAUD L COLEMAN, 54812-074
MILAN FCI UNT: 3 GP QTR: F07-020U
P.O. BOX 9999
MILAN, MI 48160

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1177116-A1 CENTRAL OFFICE APPEAL
DATE RECEIVED : JANUARY 17, 2024
SUBJECT 1 : OTHER JAIL TIME CREDIT
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR REGIONAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR A COPY OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REMARKS : YOU DID NOT INCLUDE COPY OF BP-9 REQUEST FORM. ALSO, AGREE W/ RD REASON FOR REJECTION. PLEASE FOLLOW DIR ON REJ NTCS FROM RD AND RESOLVE AT THEIR LEVEL.

1-2-24

U.S. Department of Justice

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Coleman, Rashaud (LAST NAME, FIRST, MIDDLE INITIAL) 54812-074 (REG. NO.) F (UNIT) FCI Milan (INSTITUTION)

**Part A—REASON FOR APPEAL** I Am WRITING TO Challenge The DENIAL OF FSA TIME CREDIT. NORTH Central Regional OFFICE DENIED AND REJECTED my APPEAL FOR The Following Reasons. (1.) I DID NOT PROVIDE a COPY OF INSTITUTION ADMINSTRATIVE Remedy REQuest. which I Did provide a copy which is also attached. (2.) my appeal was untimely. which it's clearly DATED That I Recieved The Appeal on 12-5-23 and Regional Office Received it on 12-11-23 which is a timly manner. (3). I Did NOT Provide STAFF Verification stating Reason untimely filing was not my fault, which Clearly a copy of staff Verification which is also signed and dated Dated WITH Reason Delivery was late. Enclosed is a copy of all documents And attachments with BP-10 And appeal. As A Remedy I ASK That I Be awarded full Retro active and future FSA Time Credits And future FSA Time credits And that They Be applied toward my Release in accordance With The law.

1-8-24 (DATE)

[signature] (SIGNATURE OF REQUESTER)

**Part B—RESPONSE**

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: ____________

**Part C—RECEIPT**

CASE NUMBER: ____________

Return to: ____________ (LAST NAME, FIRST, MIDDLE INITIAL) ____________ (REG. NO.) ____________ (UNIT) ____________ (INSTITUTION)

SUBJECT: ____________

DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)** C. Ellison /

**TITLE OF STAFF** Counselor

**INMATE NAME** Coleman, Rashaud

**INMATE NUMBER** 54812-074

**REMEDY NUMBER** 1177116-R2

**DATE (Delivered to Inmate)** 01-02-2024

**REASON DELIVERED LATE** Received this on 01-02-2024 from the mail room due to routing and delivered it to the inmate on the same day.

U.S. Department of Justice

Federal Bureau of Prisons

12-5-23

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashaud — 54812-074 — F — FCI Milan

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL**

DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 11 2023

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

CASE NUMBER:

Return to:

LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

U.S. Department of Justice — Regional Administrative Remedy Appeal

Federal Bureau of Prisons

12-5-23

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashard — 54812-074 — E — FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL** I am writing to challenge the denial of FSA Time Credits. my case manger says my risk level is low, see exhibit A, which means I should receive 10 days "program per month, but eligible for 15 days per month for FSA, programming. But he says I'm "Not" eligible for program days due to one issue: (1) I'm sentenced for a death. A careful read of exhibits prove that her reason for denying me FSA program days are incorrect. see exhibit B. A careful read of the 2D1.1(a)(2) "If Death Results" sentencing guideline says the enhancement only applies if the defendant is convicted of the death. See exhibit C, my Judgement and Commitment proves I am not sentenced or convicted for a death. See exhibit D, I did not plea to a death or any enhancements. Exhibit E. my (amended my plea agreement, I did not plea) This is a binding C-1-C plea, meaning nothing can be added. The government withdrew its motion of all enhancements. Exhibit F, The sentencing guideines says death must be presented. I was not indicted for a death. Exhibit E, binding (C)(1)(C) plea does not mention any enhancements and none can be added. As a remedy I ask that I be awarded full retro active and future FSA time credits and that they be applied toward my release in accordance with law. The warden denied my FSA because he said that I didnt have any new evidence regarding the challenge of my FSA which clearly there is new evidence which is attached.

12-6-23 — DATE

[signature] — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED DEC 11 2023

DATE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY — CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

12-5-23

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashaud — 54812-074 — F — FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL** I am writing to challenge the denial of FSA time credits. My case manager says my risk level is low, see exhibit A, which means I should receive 10 days program per month, but eligible for 15 days per month for FSA programming. But he says I'm not eligible for program days due to one issue: (1) I'm sentenced for a death. A careful read of exhibits prove that her reason for denying me FSA program days are incorrect. See exhibit B. A careful read of the 2D1.1(a)(2) "If death results" sentencing guideline says the enhancement only applies if the defendant is convicted of the death. See exhibit C, my judgement and commitment proves I was not sentenced or convicted for a death. See exhibit D, [illegible] exhibit E: my [illegible] plea agreement [illegible] binding C-1-C plea, means nothing can be added. The government [illegible] withdrew its motion of all enhancements. Exhibit F, The sentencing guidelines says death must be presented. I was not indicted for a death. Exhibit F, binding (C)(1)(C) plea does not mention any enhancements and none can be added. As a remedy I ask that I be awarded [illegible] retro active and future FSP time credits and [illegible] be applied toward [illegible] in accordance with law. The warden denied my FSA because he said that I didn't have any new evidence regarding the challenge of my FSA [illegible] clearly there is new evidence which is attached.

12-6-23 — DATE — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED DEC 11 2023

DATE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE — CASE NUMBER: 1177116-R2

---

**Part C - RECEIPT**

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

12-5-23

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashaud — 54812-074 — F — FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A - REASON FOR APPEAL** I am writing to [illegible] the [illegible] See Exhibit A [illegible] I would receive [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] is convicted of the death. See Exhibit C, [illegible] [illegible] [illegible] [illegible] Exhibit F, The [illegible] [illegible] [illegible] [illegible] with law. The Warden denied my FSA [illegible] [illegible] evidence [illegible] the [illegible] attached.

12-6-23
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 11 2023

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)____C. Ellison / ______________________________**

**TITLE OF STAFF** ______Counselor______________________

**INMATE NAME** __ Coleman, Rashaud__________________________________

**INMATE NUMBER** ___54812-074_________________________

**REMEDY NUMBER** 1177116-R1________________________________

**DATE (Delivered to Inmate)** __12-05-2023__________________________

**REASON DELIVERED LATE** **Received this on 12-05-2023 from the mail room due to routing and delivered it to the inmate on the same day.**

____________________________________

____________________________________

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 11, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO : RASHAUD L COLEMAN, 54812-074
MILAN FCI UNT: 3 GP QTR: F07-020U
P.O. BOX 9999
MILAN, MI 48160

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1177116-R2 REGIONAL APPEAL
DATE RECEIVED : DECEMBER 11, 2023
SUBJECT 1 : OTHER JAIL TIME CREDIT
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS (BP-10) MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM RESPONSE OR RECEIPT OF THE DHO REPORT. THIS TIME INCLUDES MAIL TIME.

REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING WAS NOT YOUR FAULT.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : NO BP-9 INCLUDED WITH YOUR REMEDY. YOU STILL DID NOT PROVIDE A STAFF-WRITTEN MEMO EXPLAINING WHY YOUR INITIAL APPEAL WAS LATE.

12-5-23

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 7, 2023

FROM: ADMINISTRATIVE REMEDY COORDINATOR
NORTH CENTRAL REGIONAL OFFICE

TO : RASHAUD L COLEMAN, 54812-074
MILAN FCI UNT: 3 GP QTR: F07-020U
P.O. BOX 9999
MILAN, MI 48160

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1177116-R1 REGIONAL APPEAL
DATE RECEIVED : NOVEMBER 6, 2023
SUBJECT 1 : OTHER JAIL TIME CREDIT
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR A COPY OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS (BP-10) MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM RESPONSE OR RECEIPT OF THE DHO REPORT. THIS TIME INCLUDES MAIL TIME.

REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING WAS NOT YOUR FAULT.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS : WARDEN'S RESPONSE IS DATED 10-10-2023. APPEAL WAS DUE BY 10-30-2023.

U.S. Department of Justice

Federal Bureau of Prisons

6-10-18-23

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashaud | 54812-074 | F | FCI Milan
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** I Am writing to challenge the denial of FSA Time credits. My case manager says my risk level is low; see exhibit A, which means I should receive 10 days program days per month, but eligible for 15 days per month for FSA programing. But she says I'm "not" eligible for program days due to one issue: (1) I'm sentenced for a death. A careful read of exhibits prove that all her reasons for denying me FSA program day are incorrect. See exhibit B. A careful read of the 2D1.1(a)(2) "If death results" sentencing guideline say the enhancement only applies if the defendant is convicted of the death. See Exhibit C, my Judgement and commitment proves I am not sentenced or convicted for a death. See Exhibit D, my plea agreement, I did not plea to a death or any enhancements. Exhibit E, my plea agreement (amended plea) This is a binding C-1-C plea, meaning nothing can be added, The government withdrew it's mention of all enhancements. Exhibit F, the sentencing guidelines say death must be presented in the indictment. I was not indicted for death. Exhibit E, binding (c)(1)(c) plea does not mention any enhancements and none can be added. As a remedy I ask that I be awarded full retro active and future FSA Time credits, and that they be applied toward my release in accordance with the law

10-30-23
DATE

[signature]
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
NOV 06 2023

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1177116-R1

**Part C - RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)** ____C. Ellison / ____________________

**TITLE OF STAFF** ______Counselor______________________

**INMATE NAME** __ Coleman, Rashaud_________________________________

**INMATE NUMBER** ___54812-074_________________________

**REMEDY NUMBER** 1177116-F1______________________________

**DATE (Delivered to Inmate)** __10-18-2023__________________________

**REASON DELIVERED LATE** **Received this on 10-18-2023 from the mail room due to routing and delivered it to the inmate on the same day.**

____________________________________

____________________________________

CE 10-18-23

**BP-229 RESPONSE** **CASE NUMBER: 1177116-F1**

Your Request for Administrative Remedy (BP-229), dated September 8, 2023 has been reviewed. You are requesting that you receive application of Federal Time Credit (FTC) under the provisions of the First Step Act (FSA). Additionally, you claim that you are sentenced under the incorrect offense code.

A review of the issue(s) you raise in your BP-229 has been conducted. Your current offense disqualifies you from earning and applying FSA Time Credits. A review of your Judgement in a Criminal Case (J&C) and Sentence Monitoring Computation Data has been conducted. Based on this review, you are sentenced under the correct offense code. You have already exhausted the remedy timeframes on Administrative Remedy No. 1159616-F1. You have previously filed and Administrative Remedy on this issue and nothing has changed or you have not provided new information.

Accordingly, your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

E. Rardin, Warden

10/10/23
Date

# FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:54812-074, Last Name:COLEMAN

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 54812-074 | Risk Level Inmate....: R-LW |
| Inmate Name | General Level......: R-LW (22) |
| Last.........: COLEMAN | Violent Level......: R-LW (12) |
| First........: RASHAUD | Security Level Inmate: LOW |
| Middle.......: L | Security Level Facl..: LOW |
| Suffix.......: | Responsible Facility.: MIL |
| Gender.........: MALE | Start Incarceration..: 01/21/2022 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 31 | 21 | 12 |
| ~~Walsh w/Conviction~~ | ~~FALSE~~ | ~~0~~ | ~~0~~ |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 3 | 8 | 3 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | EnrolledInGED | -1 | -1 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 2 | -6 | -2 |
| Work Programs | 0 | 0 | 0 |
| | Total | 22 | 12 |

ıas been summarized in a
ər.[6]

**Mitigating Role**

role cap in § 2D1.1(a)(3) to
Drug Quantity level under
r than Level 30 and who
2. The Commission stated
concerns arising from the
was added in 2002.[1]
ovide a maximum base of-
ing role adjustment.[2] In ad-
ting role guideline, § 3B1.2
level is reduced by § 2D1.
reduction under § 3B1.2.
valve" under 5C1.2 is free
uirements, and receives an
This amendment provoked
e legislation did not pass.
retroactive.[4]
itigating role in the offense,

? Explaining Nearly a Decade of
001) (noting that the trend since
of increasing leniency); Frank O.
nalysis of Declining Federal Drug
REV. 477 (Jan. 2002) (suggesting
erted particular influence on the

2, 14 FED. SENT. REP. 123 (2002);
Challenge to the Conventional
EP. 132 (2002); Ronald F. Wright,
2002); Sandra Guerra Thompson,
147 (2002); John Scalia, Jr., The
cing of Drug Defendants, 14 FED.
uideline Standards by Defendant
? 14 FED. SENT. REP. 159 (2002);
lity and Conspiracy Sentences in
(2002); Morris B. Hoffman, The
REP. 172 (2002); William G. Meyer
(2002); Morris B. Hoffman, Reply

2004.

2002.

mmittee on Crime, Terrorism and
stimony by the General Counsel of
ed legislation).

dment 640 is not to be applied
Diaz-Cardenas, 351 F.3d 404 (9th

the role cap must be applied,[5] and the failure to do so is plain error.[6] However, a role cap applies only to defendants sentenced under § 2D1.1; it does not apply to defendants whose applicable guideline is § 2D1.11.[7]

## § 1.4 Increase for Death or Serious Bodily Injury § 2D1.1(a) and (d)

Subsection (a)(1) to § 2D1.1 requires a base offense level of 38 if the defendant is convicted of certain drug offenses and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance, and level 43 if the defendant committed the offense after one or more prior convictions for a similar offense.[1] The Supreme Court held that for death to "result from" the use of the controlled substance, the substance must be a "but for" cause of the person's death.[2] Earlier the Fifth Circuit held that this is a "strict liability" provision which does not require proof of proximate causation or reasonable foreseeability.[3] The Sixth Circuit, however, interpreting the mandatory minimum provision in 21 U.S.C. § 841(b)(1)(C) has held that the guidelines' reasonable foreseeability analysis applies in finding responsibility for a drug death.[4] One court upheld an increase where an addict died while using drug supplied by defendant's coconspirators.[5] The death or injury enhancements were made applicable to schedule III offenses by a 2009 amendment.[6] Cases involving the statutory mandatory minimum for death or bodily injury in 21 U.S.C. § 841(b)(1)(C), are discussed in § 12 of this Authors Discussion.

Because the guideline enhancement, by definition, does not increase the statutory maximum, the Fifth Circuit has held that the defendant has no right to a jury finding, and the district court can find that death resulted from the use of defendant's drug by a preponderance of the evidence, even if the jury

---

[5]U.S. v. Jackson, 410 F.3d 939 (7th Cir. 2005) (district court erred by failing to cap defendant's offense level at 30 after finding that he had a mitigating role).

[6]U.S. v. Cano-Silva, 402 F.3d 1031 (10th Cir. 2005) (the government conceded that the error was plain, when the judge failed to cap the base offense level at 30).

[7]U.S. v. Frazier, 394 F.3d 612 (8th Cir. 2005) *on rehg.* 408 F.3d 1102 (8th Cir. 2005) (rejecting defendant's argument that § 2D1.1 was "inextricably linked" with § 2D1.11).

**[Section 1.4]**

[1]U.S. v. Volkman, 736 F.3d 1013 (6th Cir. 2013) (any error in drug quantity was harmless given the base offense level of 38 for distribtution resulting death).

[2]Burrage v. U.S., 571 U.S. —, 134 S.Ct. 881, — L.Ed.2d — (2014) (because the "death results" enhancement increased the minimum and maximum sentences, it was an element that was required to be submitted to the jury and found beyond a reasonable doubt).

[3]U.S. v. Solis, 299 F.3d 420 (5th Cir. 2002) (defendant could be held responsible for overdose deaths if the government could show a reasonable medical probability that the heroin supplied by the defendant caused the deaths); U.S. v. Carbajal, 290 F.3d 277 (5th Cir. 2002) (rejecting defendant's argument that the government was required to show that the drugs attributable to him were the proximate reasonably foreseeable cause of death).

[4]U.S. v. Swiney, 203 F.3d 397 (6th Cir. 2000) (noting that the guidelines have narrowed a defendant's responsibility for the acts of co-conspirators as articulated in the relevant conduct provision).

[5]U.S. v. Westry, 524 F.3d 1198 (11th Cir. 2008) (the death of one of several addicts who purchased drugs at the drug house was reasonably foreseeable to defendant).

[6]Appendix C, Amendment 727, effective November 1, 2009.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

UNITED STATES OF AMERICA

v.

RASHAUD L. COLEMAN
AKA SPOONIE
USM#54812-074

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **3:19-CR-00015-KAC-DCP(2)**

**Mike Whalen**
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to the lesser included offenses of Counts 1, 3, and 4 of the Second Superseding Indictment.
☐ pleaded nolo contendere to count(s) which was accepted by the court.
☐ was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) | **Lesser Included Offense:** Conspiracy to Distribute 40 Grams or More of Fentanyl | March 3, 2020 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 3 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553.

☒ Count 2 of the Second Superseding Indictment is dismissed upon motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**January 21, 2022**
Date of Imposition of Judgment

s/ Katherine A. Crytzer
Signature of Judicial Officer

**Katherine A. Crytzer, United States District Judge**
Name & Title of Judicial Officer

**January 21, 2022**
Date

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:19-CR-15 |
| v. | ) | |
| | ) | JUDGE CRYZTER |
| RASHAUD L. COLEMAN | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby states that, apart from the information contained in the Presentence Investigation Report ("PSR") prepared by U.S. Probation Officer Joseph Cuccia, dated December 14, 2021, the United States has no additional information regarding the issue of sentencing. The United States will, however, offer in this memorandum justifiable reasons why the Court should accept the defendant's plea.

The Government submits that based on the defendant's conduct and the information provided in the PSR, a downward departure in this case is not appropriate.

On August 19, 2021, the defendant pled guilty to the following three counts in the Second Superseding Indictment:

(1) the lesser included offense of Count One for conspiracy to distribute and possess with intent to distribute 40 grams or more of mixture and substance containing fentanyl, and 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C §§ 846, 841(a)(1), and 841(b)(1)(B);

(2) the lesser included offense of Count Three for distribution of a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

(3) the lesser included offense of Count Four, also for distribution of a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The mandatory minimum punishment for the lesser included offense of Count One is at least five years imprisonment and at least four years of supervised release. According to the PSR, based on a total offense level of 21 and a criminal history category of II, the guideline

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-CR- 15 |
| | ) | |
| RASHAUD L. COLEMAN | ) | |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

**SENTENCING MEMORANDUM**

Comes Rashaud Coleman, the defendant in this case, by and through Counsel and files his sentencing memorandum.

Notice of No Objection to the Presentence Report.

Mr. Coleman has filed his Notice of No Objections to the PSR.

**SENTENCING:**

As set forth above and in the Government's memorandum, the PSR finds a level 21 with a Criminal History Category of II providing a guideline range of 41-51 months. Further, under the plea agreement, the offense as pled carries a five (5) year mandatory minimum sentence. Mr. Rochon would of course prefer a sentence of less than 60 months but under the circumstance and the law he understands that his sentence has a restricted 60 months mandatory minimum.

**Sentencing under 11(c)(1)(C):**

As pointed out in the Government's memo and as is evident the plea agreement and the PSR, Mr. Coleman faced a sentence in the rage of 25 years and possibly more had certain enhancements been applied. He understands that his agreement, for which he bargained under