AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia



**FILED**

**MAR 0 4 2024**

**Clerk, U. S. District Court**
**Eastern District of Tennessee**
**At Knoxville**

)
)
)
)
)
)
)
)
)

Rashaud L. Coleman
_____
Petitioner

v.

(FCI) Milan Warden
_____
Respondent
*(name of warden or authorized person having custody of petitioner)*

Case No. 3:24-cv-102
_____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name: Rashaud L. Coleman
   (b) Other names you have used: None

2. Place of confinement:
   (a) Name of institution: (FCI) Milan
   (b) Address: P.O. Box 1000, Milan Michigan 48160

   (c) Your identification number: 54812-074

3. Are you currently being held on orders by:
   ☒ Federal authorities    ☐ State authorities    ☐ Other - explain: _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: Eastern District of Tennessee Knoxville Division
   (b) Docket number of criminal case: 3:19-CR-00015-Kac-DCP(2)
   (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☐ Other *(explain):* Conviction for Conspiracy to distribute Fentanyl
   _____
   _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*: _____

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court: I'm Challenging How (FCI) Milan Warden
is arbitrarily denying me to Receive (FSA) time Credits for early Release

(b)  Docket number, case number, or opinion number: N/A

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

N/A

(d)  Date of the decision or action: N/A

### Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes          ❏ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: I Filed a BP-9 With the Warden,
See Warden Response attached, this Clearly Shows i attached all documents

(2)  Date of filing: October 1, 2023

(3)  Docket number, case number, or opinion number: N/A

(4)  Result: denied my Request to Receive the First Step Act Credits

(5)  Date of result: 10/10/2023; See Warden denial attached

(6)  Issues raised: Being arbitrarily denied to earn (FSA) time Credits
for early Release

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: N/A

_____

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: B.O.P. Regional, See Response From Regional Attached

(2) Date of filing: October 30, 2023, See Copy attached

(3) Docket number, case number, or opinion number: N/A

(4) Result: Denied, based on i did not Provide BP-9, which i did

(5) Date of result: Nov 7, 2023, See Notice of Rejection attached

(6) Issues raised: Being arbitrarily Denied to Receive (FSA) time Credits, for early Release

(b) If you answered "No," explain why you did not file a second appeal: N/A

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: B.O.P. Central Office

(2) Date of filing: January 8, 2024

(3) Docket number, case number, or opinion number: N/A

(4) Result: Denied

(5) Date of result: January 18, 2024

(6) Issues raised: Being arbitrarily Denied to Receive (FSA) time Credits, for early Release

(b) If you answered "No," explain why you did not file a third appeal: N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☒ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Name of court:  N|A
(2)  Case number:  N|A
(3)  Date of filing:  N|A
(4)  Result:  N|A
(5)  Date of result:  N|A
(6)  Issues raised:  N|A

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☑ No
If "Yes," provide:
(1)  Name of court:  N|A
(2)  Case number:  N|A
(3)  Date of filing:  N|A
(4)  Result:  N|A
(5)  Date of result:  N|A
(6)  Issues raised:  N|A

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:  N|A

11.  **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☑ No
If "Yes," provide:
(a)  Date you were taken into immigration custody:  N|A
(b)  Date of the removal or reinstatement order:  N|A
(c)  Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:         N\A
(2) Case number:         N\A
(3) Result:         N\A
(4) Date of result:         N\A
(5) Issues raised:         N\A

(d)     Did you appeal the decision to the United States Court of Appeals?
☐ Yes          ☒ No
If "Yes," provide:
(1) Name of court:         N\A
(2) Date of filing:         N\A
(3) Case number:         N\A
(4) Result:         N\A
(5) Date of result:         N\A
(6) Issues raised:         N\A

12.     **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes          ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:         N\A
(b) Name of the authority, agency, or court:         N\A
(c) Date of filing:         N\A
(d) Docket number, case number, or opinion number:         N\A
(e) Result:         N\A
(f) Date of result:         N\A
(g) Issues raised:         N\A

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** (FCI) Milan Worden arbitrarily denying me (FSA) time credits for early Release

See, Memorandum of Law Attached

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:
The (FCI) Worden here at milan michigan is denying me (FSA) time credits, based on the fact that i am prohibited because i was convicted for causing death, when in fact my Judgment of Commitment clearly shows that i was not convicted of causing death through distribution of a controlled substance

(b)  Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:**                    N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:        N/A

(b)  Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND THREE:**                  N/A

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:        N/A

(b)  Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N\A

(a) Supporting facts *(Be brief. Do not cite cases or law.):* N\A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☒ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:  N\A

## Request for Relief

15. State exactly what you want the court to do:  I Request that this honorable court enter a order, directing (FCI) milan worden to award petitioner all Retroactive (FSA) time credits, and all future (FSA) time credits

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

2 - 28 - 24

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 2 - 28 - 24

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: JANUARY 18, 2024

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : RASHAUD L COLEMAN, 54812-074
      MILAN FCI    UNT: 3 GP    QTR: F07-020U
      P.O. BOX 9999
      MILAN,  MI 48160

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1177116-A1     CENTRAL OFFICE APPEAL
DATE RECEIVED   : JANUARY 17, 2024
SUBJECT 1       : OTHER JAIL TIME CREDIT  P.K.
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   REGIONAL OFFICE
                 ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR   A COPY
                 OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

REMARKS         : YOU DID NOT INCLUDE COPY OF BP-9 REQUEST FORM. ALSO,
                  AGREE W/ RD REASON FOR REJECTION. PLEASE FOLLOW DIR
                  ON REJ NTCS FROM RD AND RESOLVE AT THEIR LEVEL.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Coleman, Rashaud__     __54812-074__     __F__     __FCI Milan__
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** I Am Writing To Challenge The denial of FSA Time Credit. North Central Regional Office denied and rejected my appeal for the following Reasons. (1.) I did not provide a copy of institution Administrative Remedy Request. Which I did provide a copy which is also attached. (2.) My appeal was untimely. which it's clearly dated That I recieved The Appeal on 12-5-23 and Regional Office Received it on 12-11-23 Which is a timly manner. (3.) I did not Provide Staff Verification stating Reason untimely filing was not my fault, Which Clearly a copy of Staff Verification which is also signed and dated with Reason delivery was late. Enclosed is a copy of all documents And attachments With BP-1D And appeal. As A Remedy I Ask That I Be awarded full Retro active and future FSA Time credits and future FSA Time Credits And that They Be applied toward my Release in accordance With the law.

__1-8-24__
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

_____
GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

USP LVN



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)**_____C. Ellison /_____

**TITLE OF STAFF**              _____Counselor_____

**INMATE NAME**              __ Coleman, Rashaud_____

**INMATE NUMBER**           ___54812-074_____

**REMEDY NUMBER**          1177116-R2_____

**DATE (Delivered to Inmate)**    __01-02-2024_____

**REASON DELIVERED LATE**   Received this on 01-02-2024 from the mail room due to routing and
delivered it to the inmate on the same day.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

12-5-25

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Coleman, Rashard_     _5482-074_    _F_     _FCI Milan_
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**

---

DATE                          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 11 2023

---

DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE             CASE NUMBER: _1177116-R2_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

                                          CASE NUMBER: _____

Return to: _____

         LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

---

DATE            PRINTED ON RECYCLED PAPER       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                BP-230(13)
                                                 JUNE 2002

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman Rashaud _____ 54912-074 _____ E _____ FCI Milan
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** I am writing to challenge the denial of FSA time credits. My case manger says my Risk level is low, see exhibit A, Which means I should Receive 10 Days, program per month, but eligible for 15 days per month for FSA, Programming. But he says I'm "Not" eligible for Program days Due to one issue: (1) I'm sentenced for A DEATH. A careful Read of exhibits prove that her reason for Denying me FSA program days are incorrect. See exhibit B. A careful Read of the 2D1.1(a)(1) "If DEATH Results" sentencing guideline says the enhancement only applies if the Defendant is convicted of the death. See Exhibit C, my @ Judgement And commitment proves I am Not sentenced of convicted for a Death. See Exhibit D, my plea Agreement, I did not plea to A Death or any enhancements. Exhibit E, my (amended plea) This is A binding C-1-C plea, meaning nothing can be added. The government withdrew It's motion of all enhancements, Exhibit F, The sentencing guidelines says Death must be presented. I was Not indicted for A DEATH. Exhibit E, binding (C)(1)(C) plea Does Not mention Any enhancements And None can be added. As a Remedy I ask That I be awarded full retro active and Future FSA time credits and that they be applied toward my release in Accordance with law. The warden denied my FSA because he said I didn't have any new evidence Regarding the challenge of my FSA Which clearly there is new evidence Which is attached. _Rashaud Coleman_

12-6-83    DATE                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 11 2023

_____ DATE                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY        CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

                          CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____ DATE            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

~~12-5-23~~

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashawd     54812-074     F     FCI Milan

     LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I am writing to challenge the denial of FSA Time Crediting the manager says my risk level is low, see exhibit A, which means I should receive 10 days program per month, but I made for 15 days per month for FSA programming. But he says I'm not eligible for program days due to one issue: (1) I am sentenced for a DEATH. Mr. _____ kind of admits this just that her reason for denying me FSA program days are incorrect. See exhibit B. A careful read of the 201.21(b)(1) "If Death Results" sentencing guideline says the enhancement only applies if the defendant is convicted of the death. See exhibit C, my judgement and commitment proves I am not sentenced or convicted of a death. See exhibit D, my judged in-plea agreement and no plea to a death or enhancement to receive E. My judged plea (plea agreement) and no plea to a death or enhancement to receive E. My judged plea) This is a finding of a court of a _____ pleads, or any hearing can be added. The government will withdraw its motion of an enforcement, Exhibit F, The sentencing guidelines says Death could not be presented. I was not indicted for a DEATH, Exhibit E, b) drug(c)(1)(c) plea Does not mention any enhancements and none can be added. As a remedy I ask that I be awarded credit for time active and future FSA time credits and that I be applied toward my release in accordance with law. The warden denied my FSA because he said Think I didn't have any new evidence regarding the challenge of my FSA which clearly there is new evidence. Which is attached. _____

12-6-23 A3      _Rc_

12-6-23 DATE             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED DEC 11 2023

_____ DATE           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE        CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

                                CASE NUMBER: _____

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____ DATE           SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN

BP-230(13)
JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman Rashaud     54812-074     F     FCI Milan

    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**

DATE            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
DEC 11 2023

DATE            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE      CASE NUMBER: 1177116-R2

**Part C - RECEIPT**

           CASE NUMBER: _____

Return to: _____

    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

DATE            SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)**_____C. Ellison / _____

**TITLE OF STAFF**          _____Counselor_____

**INMATE NAME**          __ Coleman, Rashaud_____

**INMATE NUMBER**          ___54812-074_____

**REMEDY NUMBER**          1177116-R1_____

**DATE (Delivered to Inmate)**          __12-05-2023_____

**REASON DELIVERED LATE**   **Received this on 12-05-2023 from the mail room due to routing and delivered it to the inmate on the same day.**
        _____

        _____

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 11, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : RASHAUD L COLEMAN, 54812-074
      MILAN FCI   UNT: 3 GP    QTR: F07-020U
      P.O. BOX 9999
      MILAN,  MI 48160


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1177116-R2    REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 11, 2023
SUBJECT 1      : OTHER JAIL TIME CREDIT
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : NO BP-9 INCLUDED WITH YOUR REMEDY. YOU STILL DID NOT
                 PROVIDE A STAFF-WRITTEN MEMO EXPLAINING WHY YOUR
                 INITIAL APPEAL WAS LATE.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 7, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : RASHAUD L COLEMAN, 54812-074
      MILAN FCI     UNT: 3 GP     QTR: F07-020U
      P.O. BOX 9999
      MILAN,  MI 48160


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


    REMEDY ID       : 1177116-R1      REGIONAL APPEAL
    DATE RECEIVED   : NOVEMBER 6, 2023
    SUBJECT 1       : OTHER JAIL TIME CREDIT
    SUBJECT 2       :
    INCIDENT RPT NO:

    REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                     ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                     OF THE (BP-09) RESPONSE FROM THE WARDEN.

    REJECT REASON 2: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                     MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                     RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                     INCLUDES MAIL TIME.

    REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                     WAS NOT YOUR FAULT.

    REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                     10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

    REMARKS         : WARDEN'S RESPONSE IS DATED 10-10-2023. APPEAL WAS
                      DUE BY 10-30-2023.

U.S. Department of Justice

Federal Bureau of Prisons

65 10-18 23

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Coleman, Rashaud          54812-074     F      FCI Miky
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.    UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** I Am writing To challenge the denial of FSA Time Credits. MY Case manager says my Risk Level is low, see exhibit A, which means I should Receive 10 days program days per month, but eligible for 15 days per month for FSA programing. But she says I'm "not" eligible for program days due to one issue: (1) I'm Sentenced for A Death. A careful Read of exhibits prove that all her Reasons for denying me FSA program day are incorrect. See exhibit B. A careful Read of the 2D1.1(A)(2) "If Death Results" Sentencing guideline say the enhancement only applies if the defendant is Convicted of the Death. see Exhibit C. my Judgement and commitment proves I Am not sentenced or Convicted for A DEATH. SEE Exhibit d and commitment Agreement, I did not plea To A DEATH or ANY Enhancements. Exhibit e, my plea Agreement (Amended plea) This is a binding C-1-C plea, meaning Nothing can be added, my plea Government. Withdrew it's mention of all enhancements. Exhibit f, The sentencing guideline say death must be presented in the indictment. I was not indicted for death. Exhibit g, binding (C)(1)(c) plea does not mention any Enhancements AND None CAN be Added. As A Remedy I Ask That I be awarded full Retro Active And Future FSA Time Credits. And that they be applied toward my Release in Accordance with the law
10-30-23
_____                                _____
DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
NOV 06 2023

_____                                _____
DATE                                        REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
ORIGINAL: RETURN TO INMATE                      CASE NUMBER: 1177116-R1

**Part C - RECEIPT**
                                              CASE NUMBER: _____

Return to: _____     _____     _____     _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT         INSTITUTION
SUBJECT: _____

_____                          _____
DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER                          BP-230(13)
                                                                   JUNE 2002



U.S. Department of Justice
**Federal Bureau of Prisons**

**NAME OF STAFF (Print & Sign)**_____C. Ellison / _____

**TITLE OF STAFF**              _____Counselor_____

**INMATE NAME**              __ Coleman, Rashaud_____

**INMATE NUMBER**          ___54812-074_____

**REMEDY NUMBER**        1177116-F1_____

**DATE (Delivered to Inmate)**   __10-18-2023_____

**REASON DELIVERED LATE**   Received this on 10-18-2023 from the mail room due to routing and
delivered it to the inmate on the same day.

CE 10-18-23

**BP-229 RESPONSE**                                **CASE NUMBER: 1177116-F1**

Your Request for Administrative Remedy (BP-229), dated September 8, 2023 has been reviewed. You are requesting that you receive application of Federal Time Credit (FTC) under the provisions of the First Step Act (FSA). Additionally, you claim that you are sentenced under the incorrect offense code.

A review of the issue(s) you raise in your BP-229 has been conducted. Your current offense disqualifies you from earning and applying FSA Time Credits. A review of your Judgement in a Criminal Case (J&C) and Sentence Monitoring Computation Data has been conducted. Based on this review, you are sentenced under the correct offense code. You have already exhausted the remedy timeframes on Administrative Remedy No. 1159616-F1. You have previously filed and Administrative Remedy on this issue and nothing has changed or you have not provided new information.

Accordingly, your request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                    __10/10/23__
E. Rardin, Warden                                              Date

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:54812-074, Last Name:COLEMAN

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

Register Number: 54812-074                 Risk Level Inmate....: R-LW
Inmate Name                                   General Level......: R-LW (22)
  Last.........: COLEMAN                      Violent Level......: R-LW (12)
  First........: RASHAUD                  Security Level Inmate: LOW
  Middle.......: L                        Security Level Facl..: LOW
  Suffix.......:                          Responsible Facility.: MIL
Gender.........: MALE                     Start Incarceration..: 01/21/2022

**PATTERN Worksheet Summary**

| Item | Value | General Score | Violent Score |
|------|-------|---------------|---------------|
| Current Age | 31 | 21 | 12 |
| Welsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | FALSE | 0 | 0 |
| Criminal History Points | 3 | 8 | 3 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 0 | 0 | 0 |
| Education Score | EnrolledInGED | -1 | -1 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 2 | -6 | -2 |
| Work Programs | 0 | 0 | 0 |
| | Total | 22 | 12 |

as been summarized in a
r.[8]

**Mitigating Role**

role cap in § 2D1.1(a)(3) to
Drug Quantity level under
r than Level 30 and who
.2. The Commission stated
concerns arising from the
was added in 2002,[1]
ovide a maximum base of-
ing role adjustment.[2] In ad-
ting role guideline, § 3B1.1
level is reduced by § 2D1
reduction under § 3B1.2.
valve" under 5C1.2 is free
irements, and receives an
This amendment provoked
e legislation did not pass.
retroactive.[4]

itigating role in the offense

---

the role cap must be applied,[5] and the failure to do so is plain error.[6] However,
a role cap applies only to defendants sentenced under § 2D1.1; it does not
apply to defendants whose applicable guideline is § 2D1.11.[7]

### § 1.4 Increase for Death or Serious Bodily Injury § 2D1.1(a) and (d)

Subsection (a)(1) to § 2D1.1 requires a base offense level of 38 if the
defendant is convicted of certain drug offenses and the offense of conviction
establishes that death or serious bodily injury resulted from the use of the
substance, and level 43 if the defendant committed the offense after one or
more prior convictions for a similar offense.[1] The Supreme Court held that for
death to "result from" the use of the controlled substance, the substance
must be a "but for" cause of the person's death.[2] Earlier the Fifth Circuit held
that this is a "strict liability" provision which does not require proof of
proximate causation or reasonable foreseeability.[3] The Sixth Circuit, however,
interpreting the mandatory minimum provision in 21 U.S.C. § 841(b)(1)(C) has
held that the guidelines' reasonable foreseeability analysis applies in finding
responsibility for a drug death.[4] One court upheld an increase where an addict
died while using drug supplied by defendant's coconspirators.[5] The death or
injury enhancements were made applicable to schedule III offenses by a 2009
amendment.[6] Cases involving the statutory mandatory minimum for death or
bodily injury in 21 U.S.C. § 841(b)(1)(C), are discussed in § 12 of this Authors'
Discussion.

Because the guideline enhancement, by definition, does not increase the
statutory maximum, the Fifth Circuit has held that the defendant has no right
to a jury finding, and the district court can find that death resulted from the
use of defendant's drug by a preponderance of the evidence, even if the jury

---

? *Explaining Nearly a Decade of*
001) (noting that the trend since
of increasing leniency); Frank O.
*nalysis of Declining Federal Drug*
Rev. 477 (Jan. 2002) (suggesting
xerted particular influence on the

2, 14 FED. SENT. REP. 123 (2002)
*Challenge to the Conventional*
EP. 132 (2002); Ronald F. Wright,
2002); Sandra Guerra Thompson,
147 (2002); John Scalia, Jr., *The
cing of Drug Defendants*, 14 FED.
*uideline Standards by Defendant*
? 14 FED. SENT. REP. 159 (2002);
*lity and Conspiracy Sentences in*
(2002); Morris B. Hoffman, *The
REP. 172 (2002); William G. Meyer
(2002); Morris B. Hoffman, *Reply*

2004.

2002:

mmittee on Crime, Terrorism and
stimony by the General Counsel of
d legislation).

idment 640 is not to be applied
Diaz-Cardenas, 351 F.3d 404 (9th

---

[5]U.S. v. Jackson, 410 F.3d 939 (7th Cir. 2005) (district court erred by failing to cap
defendant's offense level at 30 after finding that he had a mitigating role).

[6]U.S. v. Cano-Silva, 402 F.3d 1031 (10th Cir. 2005) (the government conceded that the
error was plain, when the judge failed to cap the base offense level at 30).

[7]U.S. v. Frazier, 394 F.3d 612 (8th Cir. 2005) *on rehg.* 408 F.3d 1102 (8th Cir. 2005)
(rejecting defendant's argument that § 2D1.1 was "inextricably linked" with § 2D1.11).

[Section 1.4]

[1]U.S. v. Volkman, 736 F.3d 1013 (6th Cir. 2013) (any error in drug quantity was harmless
given the base offense level of 38 for distribution resulting death).

[2]Burrage v. U.S., 571 U.S. __, 134 S.Ct. 881, __ L.Ed.2d __ (2014) (because the "death
results" enhancement increased the minimum and maximum sentences, it was an element that
was required to be submitted to the jury and found beyond a reasonable doubt).

[3]U.S. v. Solis, 299 F.3d 420 (5th Cir. 2002) (defendant could be held responsible for
overdose deaths if the government could show a reasonable medical probability that the heroin
supplied by the defendant caused the deaths); U.S. v. Carbajal, 290 F.3d 277 (5th Cir. 2002)
(rejecting defendant's argument that the government was required to show that the drugs at-
tributable to him were the proximate reasonably foreseeable cause of death).

[4]U.S. v. Swiney, 203 F.3d 397 (6th Cir. 2000) (noting that the guidelines have narrowed a
defendant's responsibility for the acts of co-conspirators as articulated in the relevant conduct
provision).

[5]U.S. v. Westry, 524 F.3d 1198 (11th Cir. 2008) (the death of one of several addicts who
purchased drugs at the drug house was reasonably foreseeable to defendant).

[6]Appendix C, Amendment 727, effective November 1, 2009.

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| | Case Number: **3:19-CR-00015-KAC-DCP(2)** |
| RASHAUD L. COLEMAN | |
| AKA SPOONIE | |
| USM#54812-074 | **Mike Whalen** |
| | Defendant's Attorney |

THE DEFENDANT:

☒ pleaded guilty to <u>the lesser included offenses of Counts 1, 3, and 4 of the Second Superseding Indictment</u>.

☐ pleaded nolo contendere to count(s)   which was accepted by the court.

☐ was found guilty on count(s)   after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) | **Lesser Included Offense:** Conspiracy to Distribute 40 Grams or More of Fentanyl | March 3, 2020 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 3 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553.

☒ <u>Count 2 of the Second Superseding Indictment</u> is dismissed upon motion of the United States.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**January 21, 2022**
Date of Imposition of Judgment

s/ Katherine A. Crytzer
Signature of Judicial Officer

**Katherine A. Crytzer, United States District Judge**
Name & Title of Judicial Officer

**January 21, 2022**
Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:19-CR-15 |
| v. | ) | |
| | ) | JUDGE CRYZTER |
| RASHAUD L. COLEMAN | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby states that, apart from the information contained in the Presentence Investigation Report ("PSR") prepared by U.S. Probation Officer Joseph Cuccia, dated December 14, 2021, the United States has no additional information regarding the issue of sentencing. The United States will, however, offer in this memorandum justifiable reasons why the Court should accept the defendant's plea.

The Government submits that based on the defendant's conduct and the information provided in the PSR, a downward departure in this case is not appropriate.

On August 19, 2021, the defendant pled guilty to the following three counts in the Second Superseding Indictment:

(1) the lesser included offense of Count One for conspiracy to distribute and possess with intent to distribute 40 grams or more of mixture and substance containing fentanyl, and 100 grams or more of a mixture and substance containing heroin, in violation of 21 U.S.C §§ 846, 841(a)(1), and 841(b)(1)(B);

(2) the lesser included offense of Count Three for distribution of a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

(3) the lesser included offense of Count Four, also for distribution of a quantity of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

The mandatory minimum punishment for the lesser included offense of Count One is at least five years imprisonment and at least four years of supervised release. According to the PSR, based on a total offense level of 21 and a criminal history category of II, the guideline

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    CASE NO. 3:19-CR- 15 |
| | ) |
| RASHAUD L. COLEMAN | ) |
| | ) |
| DEFENDANT | ) |
| | ) |

**SENTENCING MEMORANDUM**

Comes Rashaud Coleman, the defendant in this case, by and through Counsel and files his sentencing memorandum.

Notice of No Objection to the Presentence Report.

Mr. Coleman has filed his Notice of No Objections to the PSR.

**SENTENCING:**

As set forth above and in the Government's memorandum, the PSR finds a level 21 with a Criminal History Category of II providing a guideline range of 41-51 months. Further, under the plea agreement, the offense as pled carries a five (5) year mandatory minimum sentence. Mr. Rochon would of course prefer a sentence of less than 60 months but under the circumstance and the law he understands that his sentence has a restricted 60 months mandatory minimum.

**Sentencing under 11(c)(1)(C):**

As pointed out in the Government's memo and as is evident the plea agreement and the PSR, Mr. Coleman faced a sentence in the rage of 25 years and possibly more had certain enhancements been applied. He understands that his agreement, for which he bargained under

1

Rashaud Coleman
CCI Milan 1000
P.O. Box 1000
Milan MI 48160



**UNITED STATES POSTAL SERVICE.**

**Retail**

| **G** | **US POSTAGE PAID** | Origin: 48160 |
| | **$0.00** | 03/01/24 |
| | | 2562000160-46 |

**USPS GROUND ADVANTAGE™**

0 Lb 6.50 Oz

**RDC 01**

C010

SHIP
TO:
STE 130
800 MARKET ST
KNOXVILLE TN 37902-2303

USPS TRACKING® #

9500 1123 9328 4061 4777 65




EASTERN DISTRICT OF TENNESSEE
office of
UNITED STATES DISTRICT COURT
800 MARKET St. SUITE 130
KNOXVILLE, TN 37902

