United States District Court
Eastern District of Michigan

Rashaud L. Coleman, #54812-074,

        Case No. 24-cv-11111

    Petitioner,

        Honorable Linda V. Parker

   -vs-        Mag. Judge Elizabeth A. Stafford

Eric Rardin,

    Respondent.

## Response to Petition for Writ of Habeas Corpus

The Court should deny Rashaud Coleman's petition for a writ of habeas corpus. Coleman was convicted of controlled substance offenses under 21 U.S.C. §§ 841(b)(1)(B) and (C), and two deaths resulted from the use of the fentanyl that he distributed. Those circumstances render him ineligible to receive time credits under the First Step Act.

        Dawn N. Ison
        United States Attorney

        s/ *Jessica V. Currie*
        Jessica V. Currie
        Assistant United States Attorney
        211 West Fort Street, Suite 2001
        Detroit, MI 48226
        (313) 226-9531
        jessica.currie@usdoj.gov

Dated: June 20, 2024

United States District Court
Eastern District of Michigan

Rashaud L. Coleman, #54812-074,

        Petitioner,

-vs-

Eric Rardin,

        Respondent.

Case No. 24-cv-11111

Honorable Linda V. Parker
Mag. Judge Elizabeth A. Stafford

# Brief in Support of Response to Petition for Writ of Habeas Corpus

## Issue

Did the Bureau of Prisons correctly determined that Coleman is statutorily ineligible to receive First Step Act time credits?

## Statement of Facts

This case began with an investigation of two overdose deaths that were traced back to Rashaud Coleman's drug trafficking organization. (PSR ¶ 22). Ultimately, Coleman pleaded guilty to one count of conspiracy to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and two counts of distributing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Exhibit

1 – Kirk Decl., Att. 3, Judgment). Although Coleman did not plead guilty to the resulting death enhancements for those offenses, the plea agreement required him to take responsibility for distributing drugs to others who later died of overdoses. (*United States v. Coleman*, N.D. Tenn. Case No. 3:19-cr-00015, Sentencing Memo, Doc. 427, PageID.2104). As reflected in the presentence report, two deaths resulted from Coleman's distribution of fentanyl, and the sentencing court adopted the report without changes. (Exhibit 1 – Kirk Decl., ¶ 5, Att. 4).

Coleman was sentenced to 180 months in prison followed by 5 years of supervised release. (*Id.*, ¶ 4, Att. 3). His projected release date via good conduct time under 18 U.S.C. § 3624(b) is January 18, 2035. (*Id.,* ¶ 4, Att. 1, Sentence Computation).

Coleman's § 2241 petition, filed in the Southern District of West Virginia, was transferred here because he is now housed at FCI Milan. (ECF No. 3, PageID.31). Coleman argues that the Bureau of Prisons "is arbitrarily denying" him First Step Act time credits to which he believes he is entitled because he did not plead guilty to the resulting death

2

enhancements and "death" was not an element of his convictions. (ECF No. 6-1, PageID.7–8, 11, 35).

## Argument

**The Bureau of Prisons correctly determined that Coleman is statutorily ineligible to receive First Step Act time credits.**

Coleman is serving a sentence for violations of 21 U.S.C. § 841(b)(1)(B) and § 841(b)(1)(C) involving the distribution of fentanyl. And, as stated in the presentence investigation report, two deaths resulted from the use of the fentanyl that he distributed. Because of those circumstances, Coleman is statutorily ineligible to receive First Step Act time credits, and his habeas petition should be denied.

Under the First Step Act, some federal prisoners who engage in recidivism-reduction programs are entitled to receive credits toward early release or prerelease custody. *See* 18 U.S.C. §§ 3624(g), 3632(d)(4). Some prisoners, however, are categorically ineligible to receive those credits because of their offenses of conviction. 18 U.S.C. § 3632(d)(4)(D). As relevant here, a prisoner is ineligible to receive First Step Act time credits if he "is serving a sentence for a conviction under . . . [21 U.S.C. § 841(b)(1)(A), (B), or (C) of the Controlled Substances Act] for which death or serious bodily injury resulted from the use of such substance."

3

18 U.S.C. § 3632(d)(4)(D)(lviii). Coleman is serving such a sentence. (Exhibit 1 – Kirk Decl., ¶ 5).

The fact that Coleman did not plead guilty to the resulting death enhancements that were charged—and instead pleaded to lesser included offenses—does not change this analysis. That only meant that Coleman was not subject to the statutory minimum sentence associated with such an enhancement. But "[a] sentencing enhancement is not necessary" to preclude a prisoner from receiving First Step Act time credits. (*Id.*). It is enough that other documentation in the record, such as a presentence investigation report, "make[s] clear that a death or serious bodily injury resulted." (*Id.*). The Bureau of Prisons properly relied on that documentation here.

Specifically, the Bureau of Prisons relied on statements in Coleman's presentence investigation report that two deaths resulted from his distribution of fentanyl, and the sentencing court adopted that report without making any changes. (*Id.*, ¶ 5 & Att. 4, Statement of Reasons). In its statement of reasons accompanying the judgment, the sentencing court also indicated that "death" was a reason for departing from the guidelines. (*Id.*, Att. 4). Other courts have found the same type

4

of documentation in the record sufficient to preclude eligibility under § 3632(d)(4)(D)(lviii). *See Kyger v. Williams*, Case No. 23-cv-085, 2024 WL 1560578, at *2 (E.D. Tenn. Apr. 10, 2024) (relying on the presentence investigation report and the sentencing court's statement of reasons, both of which indicated that a death resulted from the offense of conviction, to conclude that the petitioner was ineligible for First Step Act time credits); *Hollins v. Monarez*, Case No. 23-02455, 2024 WL 1016353, at *3 (D. Ariz. Feb. 6, 2024) (same), *report and recommendation adopted*, 2024 WL 1012981 (D. Ariz. Mar. 8, 2024).

The Bureau of Prisons did not act "arbitrarily" in denying Coleman's request to receive First Step Act time credits. (ECF No. 6-1, PageID.11). Rather, it properly relied on relevant documentation and applied the First Step Act according to its plain language. *Dittmar v. Jacquez*, No. 23-cv-00275, 2023 WL 7287500, at *2 (D. Or. Oct. 5, 2023) (concluding that § 3632(d)(4)(D)(lviii)'s "plain language . . . does not require" a prisoner to "be found criminally liable for causing death," and it is enough that the record establishes that the use of controlled substance resulted in death). And although Coleman does not frame his argument as an equal protection challenge, a judge in this judicial

5

district recently upheld the constitutionality of the same classification at issue here. *See Fontanez v. Rardin*, No. 23-cv-12415, 2024 WL 1776338, at *6 (E.D. Mich. Apr. 24, 2024) (Drain, J.).

## Conclusion

Coleman's habeas petition should be denied because the Bureau of Prisons correctly determined that he is statutorily ineligible to receive First Step Act time credits.

    Respectfully submitted,

    Dawn N. Ison
    United States Attorney

    s/ *Jessica V. Currie*
    Jessica V. Currie
    Assistant United States Attorney
    211 West Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-9531
    jessica.currie@usdoj.gov

Dated: June 20, 2024

## Certificate of Service

I certify that on June 20, 2024, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support, with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's office mailed a copy via the United States Postal Service to the following non-ECF participant:

>Rashaud L. Coleman, Reg. #54812-074
>Federal Correctional Institution - Milan
>P.O. Box 1000
>Milan, MI  48160

>/s/ Jessica V. Currie
>Assistant United States Attorney

7