UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RASHAUD COLEMAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ERIC RARDIN, WARDEN )<br>)<br>Respondent. ) | Cause No. 2:24-cv-11111-LVP-EAS |

### DECLARATION OF M. KIRK

I, M. Kirk, do hereby declare and state as follows:

1. I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice, as a Unit Manager at the Federal Correctional Institution in Milan, Michigan (FCI Milan).

2. My responsibilities include ensuring that BOP unit management policies, including policies concerning the First Step Act, are properly implemented at FCI Milan. All records attached to this declaration are true and correct copies of records kept in the regular course of business of the BOP. I am one of the custodians of those records. The following statements are based on my review of those records, my own personal knowledge, and other information I have acquired through the performance of my official duties.

3. I make this declaration in response to a Petition filed by inmate Rashaud Coleman, Register No. 54812-074, in which he alleges he is arbitrarily being denied FSA credits, causing him to be unable to earn time credits for an early release.

4. Petitioner is currently serving a 180-month sentence imposed by the United States District Court for the Eastern District of Tennessee, to be followed by a 5-year term of Supervised Release. Petitioner has a projected release date of January 18, 2035, via Good Conduct Time, and

1

a full-term release date of January 16, 2037. He is currently designated to FCI Milan. (*Attachment 1, SENTRY Sentence Monitoring Computation Data*).

5. The BOP has determined Petitioner is not eligible to earn FSA Earned Time Credits (FTCs) BOP because he is serving a sentence for violations of 21 U.S.C. § 841(b)(1)(B) and § 841(b)(1)(C) that resulted in death from the use of the controlled substance. *Id.* (*Attachment 2, SENTRY - Inmate History – First Step & Attachment 3, Judgment in a Criminal Case, United States of America v. Rashaud L. Coleman, No. 3:19-cr-00015-KAC-DCP(2), Doc 446*). Pursuant to 18 U.S.C. § 3632(d)(4)(D)(lviii), for the manufacturing or distribution of any controlled substance resulting in serious bodily injury or death, inmates are ineligible to receive time credits. A sentencing enhancement is not necessary. A sentencing enhancement for death or serious bodily injury is not needed if the J&C, PSR, or other documents such as a plea agreement, otherwise make clear that a death or serious bodily injury resulted. An explicit notice was made in the Presentence Investigation Report (PSR) of two deaths that resulted from Petitioner's distribution of fentanyl. (*See Presentence Investigation Report, United States of America v. Rashaud L. Coleman, No. 3:19-cr-00015-KAC-DCP(2), Doc. 411*). The Statement of Reasons indicates the PSR was adopted by the Court without changes. (*Attachment 4, Statement of Reasons, United States of America v. Rashaud L. Coleman, No. 3:19-cr-00015-KAC-DCP(2), Doc. 447*).

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 14 day of June, 2024.

M. Kirk, Unit Manager
FCI Milan

2

```
 MILBU   540*23  *           SENTENCE MONITORING              *    06-13-2024
PAGE 001          *           COMPUTATION DATA                 *    10:56:42
                              AS OF 06-13-2024


REGNO..: 54812-074 NAME: COLEMAN, RASHAUD L


FBI NO...........: 439325KC7           DATE OF BIRTH:       1991  AGE:   32
ARS1.............: MIL/A-DES
UNIT.............: 3 GP                QUARTERS.....: F07-020U
DETAINERS........: NO                  NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 07-18-2034

THE INMATE IS PROJECTED FOR RELEASE: 01-18-2035 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: TENNESSEE, EASTERN DISTRICT
DOCKET NUMBER...................: 3:19-CR-00015-KAC-DC
JUDGE...........................: CRYTZER
DATE SENTENCED/PROBATION IMPOSED: 01-21-2022
DATE COMMITTED..................: 08-11-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS   FINES           COSTS
NON-COMMITTED.:   $300.00        $00.00           $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO       AMOUNT:  $00.00

 REMARKS.......: 3:19-CR-00015-KAC-DCP(2)

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:   422     21:841,960 DRUG-PHYNYL,FSA       FSA INELIGIBLE
OFF/CHG: 21:846,841(A)(1)(B)(1)(B) LESSER INCLUDED OFFENSE:CONSPIRACY
         TO DISTRIBUTE 40 GRAMS OR MORE OF FENTANYL(CT1) 21:841(A)(1)
         (B)(1)(C) LESSER INCLUDED OFFENSE: DISTRIBUTION OF A QUANTITY
         OF FENTANYL(CT3,4)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   180 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 08-27-2018




G0002        MORE PAGES TO FOLLOW . . .
```

Att. 1

```
 MILBU   540*23 *           SENTENCE MONITORING          *    06-13-2024
PAGE 002 OF 002 *           COMPUTATION DATA             *    10:56:42
                             AS OF 06-13-2024

REGNO..: 54812-074 NAME: COLEMAN, RASHAUD L


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-09-2024 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 08-15-2022 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-21-2022
TOTAL TERM IN EFFECT............:    180 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     15 YEARS
EARLIEST DATE OF OFFENSE........: 08-27-2018

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                     01-22-2019    01-25-2019

TOTAL PRIOR CREDIT TIME.........: 4
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 729
TOTAL GCT EARNED................: 27
STATUTORY RELEASE DATE PROJECTED: 01-18-2035
ELDERLY OFFENDER TWO THIRDS DATE: 01-17-2032
EXPIRATION FULL TERM DATE.......: 01-16-2037
TIME SERVED.....................:      2 YEARS       4 MONTHS     28 DAYS
PERCENTAGE OF FULL TERM SERVED..:  16.0
PERCENT OF STATUTORY TERM SERVED:  18.5

PROJECTED SATISFACTION DATE.....: 01-18-2035
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 08-08-22 ST C/C WKW REVIEWED, ELIGIBLE B/EAH;5-25-23 DIS GCT
                S/MRC;7-19-23 DIS GCT S/MRC; 12-27-23 BOPWARE GED UPDT B/DWP;
                2-9-24 UPDTD GED S/MRC;




S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

Att. 1

```
 MILBU    531.01 *              INMATE HISTORY             *      06-13-2024
 PAGE 001        *                FIRST STEP               *       13:30:06

 REG NO..: 54812-074 NAME....: COLEMAN, RASHAUD L
 CATEGORY: FSA        FUNCTION: PRT         FORMAT:

FCL     ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
 MIL    FTC INELIG FTC-INELIGIBLE-REVIEWED        08-12-2022 0813 CURRENT
 MIL    INELIG AUT FTC-INELIGIBLE OFF CODE - AUTO 08-15-2022 1153 CURRENT
 MIL    N-ANGER Y  NEED - ANGER/HOSTILITY YES     03-18-2024 0849 CURRENT
 MIL    N-ANTISO N NEED - ANTISOCIAL PEERS NO     03-18-2024 0849 CURRENT
 MIL    N-COGNTV Y NEED - COGNITIONS YES          03-18-2024 0849 CURRENT
 MIL    N-DYSLEX N NEED - DYSLEXIA NO             08-26-2022 1333 CURRENT
 MIL    N-EDUC N   NEED - EDUCATION NO            03-18-2024 0849 CURRENT
 MIL    N-FIN PV Y NEED - FINANCE/POVERTY YES     03-18-2024 0849 CURRENT
 MIL    N-FM/PAR Y NEED - FAMILY/PARENTING YES    03-18-2024 0849 CURRENT
 MIL    N-M HLTH N NEED - MENTAL HEALTH NO        03-18-2024 0849 CURRENT
 MIL    N-MEDICL N NEED - MEDICAL NO              03-18-2024 0849 CURRENT
 MIL    N-RLF Y    NEED - REC/LEISURE/FITNESS YES 03-18-2024 0849 CURRENT
 MIL    N-SUB AB Y NEED - SUBSTANCE ABUSE YES     03-18-2024 0849 CURRENT
 MIL    N-TRAUMA Y NEED - TRAUMA YES              03-18-2024 0849 CURRENT
 MIL    N-WORK Y   NEED - WORK YES                03-18-2024 0849 CURRENT
 MIL    R-LW       LOW RISK RECIDIVISM LEVEL      09-25-2023 0644 CURRENT
 MIL    N-WORK Y   NEED - WORK YES                09-25-2023 0644 03-18-2024 0849
 MIL    N-TRAUMA Y NEED - TRAUMA YES              09-25-2023 0644 03-18-2024 0849
 MIL    N-SUB AB Y NEED - SUBSTANCE ABUSE YES     09-25-2023 0644 03-18-2024 0849
 MIL    N-RLF Y    NEED - REC/LEISURE/FITNESS YES 09-25-2023 0644 03-18-2024 0849
 MIL    N-M HLTH N NEED - MENTAL HEALTH NO        09-25-2023 0644 03-18-2024 0849
 MIL    N-MEDICL N NEED - MEDICAL NO              09-25-2023 0644 03-18-2024 0849
 MIL    N-FIN PV Y NEED - FINANCE/POVERTY YES     09-25-2023 0644 03-18-2024 0849
 MIL    N-FM/PAR Y NEED - FAMILY/PARENTING YES    09-25-2023 0644 03-18-2024 0849
 MIL    N-EDUC Y   NEED - EDUCATION YES           09-25-2023 0644 03-18-2024 0849
 MIL    N-COGNTV Y NEED - COGNITIONS YES          09-25-2023 0644 03-18-2024 0849
 MIL    N-ANTISO N NEED - ANTISOCIAL PEERS NO     09-25-2023 0644 03-18-2024 0849
 MIL    N-ANGER Y  NEED - ANGER/HOSTILITY YES     09-25-2023 0644 03-18-2024 0849
 MIL    R-LW       LOW RISK RECIDIVISM LEVEL      03-26-2023 0921 09-25-2023 0644
 MIL    N-WORK Y   NEED - WORK YES                03-26-2023 0921 09-25-2023 0644
 MIL    N-TRAUMA Y NEED - TRAUMA YES              03-26-2023 0921 09-25-2023 0644
 MIL    N-SUB AB Y NEED - SUBSTANCE ABUSE YES     03-26-2023 0921 09-25-2023 0644
 MIL    N-RLF Y    NEED - REC/LEISURE/FITNESS YES 03-26-2023 0921 09-25-2023 0644
 MIL    N-M HLTH N NEED - MENTAL HEALTH NO        03-26-2023 0921 09-25-2023 0644
 MIL    N-MEDICL N NEED - MEDICAL NO              03-26-2023 0921 09-25-2023 0644
 MIL    N-FIN PV Y NEED - FINANCE/POVERTY YES     03-26-2023 0921 09-25-2023 0644
 MIL    N-FM/PAR Y NEED - FAMILY/PARENTING YES    03-26-2023 0921 09-25-2023 0644
 MIL    N-EDUC Y   NEED - EDUCATION YES           03-26-2023 0921 09-25-2023 0644
 MIL    N-COGNTV Y NEED - COGNITIONS YES          03-26-2023 0921 09-25-2023 0644
 MIL    N-ANTISO N NEED - ANTISOCIAL PEERS NO     03-26-2023 0921 09-25-2023 0644
 MIL    N-ANGER Y  NEED - ANGER/HOSTILITY YES     03-26-2023 0921 09-25-2023 0644




 G0002       MORE PAGES TO FOLLOW . . .
```

Att. 2

```
MILBU   531.01 *              INMATE HISTORY            *       06-13-2024
PAGE 002 OF 002 *               FIRST STEP              *        13:30:06

 REG NO..: 54812-074 NAME....: COLEMAN, RASHAUD L
 CATEGORY: FSA       FUNCTION: PRT       FORMAT:

FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
MIL    R-LW       LOW RISK RECIDIVISM LEVEL     09-29-2022 1234 03-26-2023 0921
MIL    N-WORK Y   NEED - WORK YES               09-29-2022 1234 03-26-2023 0921
MIL    N-TRAUMA Y NEED - TRAUMA YES             09-29-2022 1234 03-26-2023 0921
MIL    N-SUB AB Y NEED - SUBSTANCE ABUSE YES    09-29-2022 1234 03-26-2023 0921
MIL    N-RLF Y    NEED - REC/LEISURE/FITNESS YES 09-29-2022 1234 03-26-2023 0921
MIL    N-M HLTH N NEED - MENTAL HEALTH NO       09-29-2022 1234 03-26-2023 0921
MIL    N-MEDICL N NEED - MEDICAL NO             09-29-2022 1234 03-26-2023 0921
MIL    N-FIN PV Y NEED - FINANCE/POVERTY YES    09-29-2022 1234 03-26-2023 0921
MIL    N-FM/PAR Y NEED - FAMILY/PARENTING YES   09-29-2022 1234 03-26-2023 0921
MIL    N-EDUC Y   NEED - EDUCATION YES          09-29-2022 1234 03-26-2023 0921
MIL    N-COGNTV Y NEED - COGNITIONS YES         09-29-2022 1234 03-26-2023 0921
MIL    N-ANTISO N NEED - ANTISOCIAL PEERS NO    09-29-2022 1234 03-26-2023 0921
MIL    N-ANGER Y  NEED - ANGER/HOSTILITY YES    09-29-2022 1234 03-26-2023 0921
MIL    N-WORK Y   NEED - WORK YES               08-26-2022 1004 09-29-2022 1234
MIL    N-TRAUMA Y NEED - TRAUMA YES             08-16-2022 1230 09-29-2022 1234
MIL    N-RLF Y    NEED - REC/LEISURE/FITNESS YES 09-12-2022 1352 09-29-2022 1234
MIL    N-M HLTH N NEED - MENTAL HEALTH NO       08-13-2022 0000 09-29-2022 1234
MIL    N-FIN PV Y NEED - FINANCE/POVERTY YES    09-12-2022 1357 09-29-2022 1234
MIL    N-COGNTV Y NEED - COGNITIONS YES         08-30-2022 0949 09-29-2022 1234
MIL    N-ANTISO N NEED - ANTISOCIAL PEERS NO    08-30-2022 0947 09-29-2022 1234
MIL    N-ANGER Y  NEED - ANGER/HOSTILITY YES    08-30-2022 0950 09-29-2022 1234
MIL    N-MEDICL Y NEED - MEDICAL YES            09-12-2022 1350 09-29-2022 1234
MIL    N-FM/PAR N NEED - FAMILY/PARENTING NO    08-30-2022 0950 09-29-2022 1234
MIL    UNREVW HIS UNREVIEWED OFFENSES           06-16-2022 0935 08-12-2022 0813
MIL    N-FM/PAR R NEED - FAMILY/PARENTING REFUSE 08-15-2022 0000 08-30-2022 0950
MIL    N-ANGER R  NEED - ANGER/HOSTILITY REFUSE 08-15-2022 0000 08-30-2022 0950
MIL    N-COGNTV R NEED - COGNITIONS REFUSE      08-15-2022 0000 08-30-2022 0949
MIL    N-ANTISO R NEED - ANTISOCIAL PEERS REFUSE 08-15-2022 0000 08-30-2022 0947
MIL    INELIG AUT FTC-INELIGIBLE OFF CODE - AUTO 08-08-2022 1512 08-15-2022 1152




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

Att. 2

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RASHAUD L. COLEMAN<br>AKA SPOONIE<br>USM#54812-074 | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: **3:19-CR-00015-KAC-DCP(2)**<br><br>**Mike Whalen**<br>Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to the lesser included offenses of Counts 1, 3, and 4 of the Second Superseding Indictment.

☐ pleaded nolo contendere to count(s)   which was accepted by the court.

☐ was found guilty on count(s)   after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) | **Lesser Included Offense:** Conspiracy to Distribute 40 Grams or More of Fentanyl | March 3, 2020 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 3 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | **Lesser Included Offense:** Distribution of a Quantity of Fentanyl | August 27, 2018 | 4 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553.

☒ Count 2 of the Second Superseding Indictment is dismissed upon motion of the United States.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

**January 21, 2022**
Date of Imposition of Judgment

s/ Katherine A. Crytzer
Signature of Judicial Officer

**Katherine A. Crytzer, United States District Judge**
Name & Title of Judicial Officer

**January 21, 2022**
Date

<span style="color:red">Att. 3</span>

| DEFENDANT: | RASHAUD L. COLEMAN | Judgment - Page 2 of 7 |
|---|---|---|
| CASE NUMBER: | 3:19-CR-00015-KAC-DCP(2) | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **180 months**.

This sentence consists of terms of 180 months as to each of the lesser included offenses of Counts 1, 3, and 4 of the Second Superseding Indictment; all such terms to be served concurrently.

Additionally, this sentence shall run concurrently with the remainder of the undischarged term of imprisonment in Docket Number 116219 in the Criminal Court for Knox County, Tennessee, as these charges are considered relevant conduct, pursuant to USSG §5G1.3(b)(2).

☒ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant receive 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program. Lastly, the court recommends the defendant be designated to Milan, Michigan as deemed appropriate by the BOP.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at      ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on .
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on
    to     ,
    at     ,
    with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Att. 3

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RASHAUD L. COLEMAN | Judgment - Page 3 of 7 |
| CASE NUMBER: | 3:19-CR-00015-KAC-DCP(2) | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years**.

This term consists of 5 years as to the lesser included offense of Count 1 of the Second Superseding Indictment and 3 years as to each of the lesser included offenses of Counts 3 and 4 of the Second Superseding Indictment; to be served concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentencing of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Att. 3

Case 2:24-cv-13119-LVP-EAS ECF No. 84-4, PageID.541 Filed 06/20/24 Page 10 of 17
Case 3:19-cr-00015-KAC-DCP Document 416 Filed 02/26/2024 Page 4 of 7

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| DEFENDANT: | RASHAUD L. COLEMAN | Judgment - Page 4 of 7 |
|---|---|---|
| CASE NUMBER: | 3:19-CR-00015-KAC-DCP(2) | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the mandatory, standard, and any special conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

Att. 3

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RASHAUD L. COLEMAN | Judgment - Page 5 of 7 |
| CASE NUMBER: | 3:19-CR-00015-KAC-DCP(2) | |

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

2. You shall submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Att. 3

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| DEFENDANT: | RASHAUD L. COLEMAN | Judgment - Page 6 of 7 |
| CASE NUMBER: | 3:19-CR-00015-KAC-DCP(2) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments sheet of this judgment.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment \*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $300.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options under the Schedule of Payments sheet of this judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution
   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TNED 10/2019) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: RASHAUD L. COLEMAN | Judgment - Page 7 of 7 |
| CASE NUMBER: 3:19-CR-00015-KAC-DCP(2) | |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $300.00 due immediately, balance due
  ☐ not later than _____, or
  ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to **U.S. District Court, 800 Market Street, Suite 130, Howard H. Baker, Jr. United States Courthouse, Knoxville, TN, 37902**. Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
  See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.
  ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.
☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Att. 3

AO 245 SOR    (Rev. 09/15) Judgment in a Criminal Case
                  Attachment (Page 1) — Statement of Reasons

**DEFENDANT:** Rashaud L. Coleman
**CASE NUMBER:** 3:19-CR-15-002
**DISTRICT:** ED/TN Knoxville

## STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

**I. COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A. ☑ **The court adopts the presentence investigation report without change.**
B. ☐ **The court adopts the presentence investigation report with the following changes:** *(Use Section VIII if necessary)*
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual determinations by court:** *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

**II. COURT FINDINGS ON MANDATORY MINIMUM SENTENCE** *(Check all that apply)*

A. ☑ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.
B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:

   ☐ findings of fact in this case: *(Specify)* _____

   ☐ substantial assistance *(18 U.S.C. § 3553(e))*
   ☐ the statutory safety valve *(18 U.S.C. § 3553(f))*

C. ☐ No count of conviction carries a mandatory minimum sentence.

**III. COURT DETERMINATION OF GUIDELINE RANGE:** *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level: **21**
Criminal History Category: **II**
Guideline Range: *(after application of §5G1.1 and §5G1.2)* **60** to **60** months
Supervised Release Range: **4** to **5** years as to the Lesser Included Offense of Count 1 Second Superseding Indictment and 3 years as to each of the Lesser Included Offenses of Counts 3 and 4 of the Second Superseding Indictment
Fine Range: $ **15,000** to $ **5,000,000**

☑ Fine waived or below the guideline range because of inability to pay.

Att. 4

AO 245 SOR    (Rev. 09/15) Judgment in a Criminal Case    Not for Public Disclosure
Attachment (Page 2) — Statement of Reasons

---

**DEFENDANT:** Rashaud L. Coleman
**CASE NUMBER:** 3:19-CR-15-002
**DISTRICT:** ED/TN Knoxville

# STATEMENT OF REASONS

**IV. GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

- A. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.
- B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)* _____.
- C. ☑ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual. *(Also complete Section V)*
- D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

**V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
  - ☑ above the guideline range
  - ☐ below the guideline range

B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
  1. **Plea Agreement**
     - ☑ binding plea agreement for departure accepted by the court
     - ☐ plea agreement for departure, which the court finds to be reasonable
     - ☐ plea agreement that states that the government will not oppose a defense departure motion
  2. **Motion Not Addressed in a Plea Agreement**
     - ☐ government motion for departure
     - ☐ defense motion for departure to which the government did not object
     - ☐ defense motion for departure to which the government objected
     - ☐ joint motion by both parties
  3. **Other**
     - ☐ Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** *(Check all that apply)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☑ | 5K2.1 | Death | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| ☑ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use Section VIII if necessary)*
The parties entered a Rule 11(C)(1)(c) Plea Agreement, which the Court accepted under the Guideline Section 6B1.2(c) because the Court found that the agreed sentence of imprisonment full outside of the applicable guidelines range for justifiable reasons.

<span style="color:red">Att. 4</span>

AO 245 SOR    (Rev. 09/15) Judgment in a Criminal Case                                       Not for Public Disclosure
             Attachment (Page 3) — Statement of Reasons

---

DEFENDANT: Rashaud L. Coleman
CASE NUMBER: 3:19-CR-15-002
DISTRICT: ED/TN Knoxville

## STATEMENT OF REASONS

**VI. COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

A. **The sentence imposed is:** *(Check only one)*
   ☐ above the guideline range
   ☐ below the guideline range

B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
   1. **Plea Agreement**
      ☐ binding plea agreement for a variance accepted by the court
      ☐ plea agreement for a variance, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense motion for a variance
   2. **Motion Not Addressed in a Plea Agreement**
      ☐ government motion for a variance
      ☐ defense motion for a variance to which the government did not object
      ☐ defense motion for a variance to which the government objected
      ☐ joint motion by both parties
   3. **Other**
      ☐ Other than a plea agreement or motion by the parties for a variance

C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
   ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
      ☐ Mens Rea     ☐ Extreme Conduct     ☐ Dismissed/Uncharged Conduct
      ☐ Role in the Offense     ☐ Victim Impact
      ☐ General Aggravating or Mitigating Factors: *(Specify)*

   ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
      ☐ Aberrant Behavior     ☐ Lack of Youthful Guidance
      ☐ Age     ☐ Mental and Emotional Condition
      ☐ Charitable Service/Good Works     ☐ Military Service
      ☐ Community Ties     ☐ Non-Violent Offender
      ☐ Diminished Capacity     ☐ Physical Condition
      ☐ Drug or Alcohol Dependence     ☐ Pre-sentence Rehabilitation
      ☐ Employment Record     ☐ Remorse/Lack of Remorse
      ☐ Family Ties and Responsibilities     ☐ Other: *(Specify)*
      ☐ Issues with Criminal History: *(Specify)*

   ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
   ☐ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
   ☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
   ☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
   ☐ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
   ☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
   ☐ To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6))* *(Specify in section D)*
   ☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
   ☐ Acceptance of Responsibility     ☐ Conduct Pre-trial/On Bond     ☐ Cooperation Without Government Motion for Departure
   ☐ Early Plea Agreement     ☐ Global Plea Agreement
   ☐ Time Served *(not counted in sentence)*     ☐ Waiver of Indictment     ☐ Waiver of Appeal
   ☐ Policy Disagreement with the Guidelines *(Kimbrough v. U.S., 552 U.S. 85 (2007): (Specify)*

   ☐ Other: *(Specify)*

D. **State the basis for a variance.** *(Use Section VIII if necessary)*

Att. 4

AO 245 SOR     (Rev. 09/15) Judgment in a Criminal Case     Not for Public Disclosure
Attachment (Page 4) — Statement of Reasons

DEFENDANT: Rashaud L. Coleman
CASE NUMBER: 3:19-CR-15-002
DISTRICT: ED/TN Knoxville

# STATEMENT OF REASONS

**VII. COURT DETERMINATIONS OF RESTITUTION**

A. ☑ **Restitution not applicable.**

B. **Total amount of restitution:** $ _____

C. **Restitution not ordered:** *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

**VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE** *(If applicable)*

Defendant's Soc. Sec. No.: ████3527     Date of Imposition of Judgment: 01/21/2022

Defendant's Date of Birth: ████991     s/ Katherine A. Crytzer
Signature of Judge

Defendant's Residence Address: ████     Kathryn A. Crytzer, U.S. District Judge
Name and Title of Judge

Defendant's Mailing Address: Same     Date: 01/21/2022

Att. 4