IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

RASHAUD L. COLEMAN,
    Petitioner,

Vs.

ERIC RARDIN (WARDEN),
    Respondent

Case No: 24-CV-11111

Judge: Linda V. Parker

Mag Judge: Elizabeth A. Stafford

FILED
JUL 08 2024
CLERK'S OFFICE
DETROIT

## MOTION TO OBJECT THAT 2241 IS DENIED AND REQUESTING THAT 2241 IS GRANTED

Comes Now, Rashaud L. Coleman Pro Se ("Here After Petitioner") Requesting that 2241 IS Granted for the following Reason:

The applicable (FSA) law overrides any position that it was indicated in a P.S.R., or Statement of Reasons that distribution of Fentanyl Resulted in death excludes a defendant from earning (FSA) credits as the government suggest on page (4-5).

The (FSA) provides that "A prisoner is ineligible to Receive time credits" if he "is serving a sentence for a "Conviction" for distribution of Fentanyl Resulting in death. See, 18 U.S.C. 3632(d)(4)(D)(Viii). The Key is "Conviction" that Congress intended to exclude a defendant from Receiving (FSA) credits from distribution of Fentanyl that Resulted in death, and not excluding a defendant from Receiv-

1

ing the (FSA) credits because it was indicated in a P.S.R or Statement of Reason that Distribution of Fentanyl Resulted in death without a conviction like in petitioner case. ("Petitioner Plea agreement and sentence computation says nothing about him being convicted of distributing fentanyl, that Resulting in death").

The direct language from Congress stating a "<u>Conviction</u>" for Distribution of Fentanyl Resulting in death excludes defendants from earning (FSA) credits, abrogates the cases cited by the government that all that's needed to be shown that it's indicated in a P.S.R. or Statement of Reasons. Indeed, a "Plain Reading of the Phrase" "Conviction" demonstrates that Congress did, and unambiguously did not include whether it was indicated in a P.S.R. or Statement of Reason to exclude a defendant from earning (FSA) credits. See, Bejjani v INS., 271 F.3d 670 (6thCir 2001) being instructive for this court to determine Congress clear intent which states:

> "If Congress has expressly prescribed the statute's temporal scope, then the intent of Congress controls. Bejjani v INS, 271 F.3d 670 (6thCir2001)(quoting, Lindh v Murphy 521 U.S. 320 (1997).

The Supreme Court in Chevron, USA Inc v Natural Resources Defense Council Inc., 467 U.S. 837 (1984) has also stated; "If their is no gap for a agency to fill for interpretation as in the case of petitioner, the intent of Congress must be carried out.

(2)

## RELIEF REQUESTED

Petitioner Request that the 2241 is Granted, and that a order enter instructing (FCI) Milan Warden to enter that petitioner is eligible to Receive (FSA) Credits, and Calculate petitioner (FSA) Credits Retroactively up to date.

## CERTIFICATE OF SERVICE

District Judge:
Hon: Linda V Parker
Mag: Elizabeth A Stafford
U.S. District Court
231 West Lafayette Blvd
Detroit, Michigan 48226

Dawn N. Ison:
U.S. Department of Justice
211 W. Fort Street
Suite # 2001
Detroit, Michigan 48226

Date June 30, 2024

Rashaud L Coleman
Rashaud L Coleman #54812074
(FCI) Milan
P.O. Box 1000
Milan, Michigan 48160

(3)



METROPLEX MI 480

1 JUL 2024 PM 17 L

Rashwd L. Coleman
NAME
54812044
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

My Judge Elizabeth A Stafford
U.S. District Court
231 West Lafayette Blvd.
Detroit, Michigan 48226

46226-2794426