United States District Court
Eastern District of Michigan

Rashaud L. Coleman,

       Petitioner,                                Case No. 24-cv-11111

       -vs-

                                            Honorable Linda V. Parker

Eric Rardin, Warden,

       Respondent.
_____/

## Motion to Dismiss Petition for Writ of Habeas Corpus

Rashaud Coleman seeks a determination that he is eligible to earn First Step Act time credits (FTCs). Coleman's status has since been updated by the Bureau of Prisons, and he is no longer categorized as ineligible to earn FTCs under 18 U.S.C. § 3632(d)(4)(D)(lviii) based on his offense of conviction. Thus, his petition should be dismissed as moot.

                                                Respectfully submitted,

                                                Jerome F. Gorgon Jr.
                                               United States Attorney

                                               /s/ Jessica Currie
                                             Assistant United States Attorney
                                             211 W. Fort Street, Suite 2001
                                             Detroit, MI 48226
                                             (313) 226-9531
Dated: June 17, 2025                   jessica.currie@usdoj.gov

United States District Court
Eastern District of Michigan

Rashaud L. Coleman,

      Petitioner,                      Case No. 24-cv-11111

      -vs-

                                        Honorable Linda V. Parker

Eric Rardin, Warden,

      Respondent.
_____/

## Brief in Support of Motion to Dismiss Petition for Writ of Habeas Corpus

### Issue

Should Coleman's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed as moot because the Bureau of Prisons no longer categorizes him as ineligible to earn First Step Act time credits (FTCs) under § 3632(d)(4)(D)(lviii) based on his offense of conviction?

### Background

This case began with an investigation of two overdose deaths that were traced back to Rashaud Coleman's drug trafficking organization. (PSR ¶ 22). Ultimately, Coleman pleaded guilty to one count of conspiracy to distribute 40 grams or more of fentanyl, in violation of 21

2

U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), and two counts of distributing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He did not plead guilty to the resulting death enhancements, but the plea agreement required him to take responsibility for distributing drugs to others who later died of overdoses. (*United States v. Coleman*, E.D. Tenn. Case No. 3:19-cr-00015, Sentencing Memo, Doc. 427, PageID.2104). Coleman was sentenced to 180 months in prison. (*Id.*, Judgment, Doc. 446, PageID.2216).

As part of the First Step Act, Congress directed the Attorney General to establish a system for inmates to participate in evidence-based recidivism-reduction programs and productive activities to earn First Step Act time credits (FTCs) toward early transfer to supervised release or prerelease custody. *See* 18 U.S.C. § 3632(a). Eligible inmates can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" and an extra 5 FTCs during that same period if certain other criteria are met. *Id.*, § 3632(d)(4)(A). A maximum of 365 FTCs may be applied toward early transfer to supervised release—functionally shortening their sentence by up to one year. *Id.*, § 3624(g)(3); 28 C.F.R.

3

§ 523.44(d). Eligible inmates may have any remaining FTCs applied toward early transfer to prerelease custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

To be eligible to earn FTCs, an inmate must not be serving a sentence for any disqualifying offense, which are listed in 18 U.S.C. § 3632(d)(4)(D). Under § 3632(d)(4)(D)(lviii)—the provision at issue here—an inmate serving a sentence for a violation of § 841(b)(1) for which death resulted is ineligible to receive FTCs.

Coleman began serving his sentence in 2022. In 2024, he petitioned for a writ of habeas corpus, arguing that the Bureau of Prisons had wrongly classified him as ineligible to earn FTCs under § 3632(d)(4)(D)(lviii) based on his offense of conviction. As Coleman pointed out, he did not plead guilty to the resulting death enhancements. (Petition, ECF No. 6-1, PageID.7–8, 11, 35).

Initially, the position of the Bureau of Prisons was that § 3632(d)(4)(D)(lviii) applied to someone like Coleman, who did not receive a resulting death enhancement, so long as other documents in the record, like the presentence report and the plea agreement, made clear that a death resulted from the crime. (Ex. 1 – Allison-Love Decl.,

4

¶¶ 3–4). This initial position is reflected in the warden's response to the original petition. (Response, ECF No. 8, PageID.37–43).

Later, this Court authorized supplemental briefing. A few weeks ago, Coleman filed his supplemental brief raising the following issue: "whether Coleman's convictions for distributing fentanyl render him ineligible for [FTCs]." (Supplemental Br., ECF No. 15, PageID.77). As support, he relies on a recent decision, *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025), in which the Fourth Circuit held that "the unambiguous statutory language establishes that (lviii) only applies when a defendant is convicted of the death-resulting enhancement." *Id.* at 81.

Given that a federal appellate court has weighed in, and in the interest of having a uniform approach across the inmate population, the Bureau of Prisons has changed its position to conform to *Valladares*. In doing so, it has re-examined Coleman's eligibility status. Consistent with *Valladares*, the Bureau of Prisons no longer considers Coleman to be ineligible to earn FTCs based on § 3632(d)(4)(D)(lviii). (Ex. 1 – Allison-Love Decl., ¶ 5). His eligibility status has been official changed in the system—as of June 3, 2025, his status is "FTC-ELIGIBLE." (*Id.*, Att. 1, FSA Inmate History). And as of June 9, 2025, records reflect that

5

Coleman has earned 165 FTCs toward early release. (*Id.*, Att. 2, FSA Time Credit Assessment).

Eligibility to *earn* FTCs, however, does not mean that an inmate is entitled to have them *applied*. (*Id.*, ¶ 6). Before earned FTCs can be applied, an inmate must have (1) earned FTCs in an amount equal to his remaining imprisonment term, (2) been assessed periodically as having reduced his risk of recidivism or maintained a low or minimum risk rating while incarcerated, and (3) had his remaining term computed under applicable law. (*Id.*); 18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b)-(d). In addition, the Bureau of Prison is responsible for determining appropriate programing for an inmate and assigning those programs to the inmate. (Ex. 1 – Allison-Love Decl., ¶ 7); 18 U.S.C. § 3632(a)(3). "No incentives are available for partial completion, failure, or program withdrawal." (Ex. 1 – Allison-Love Decl., ¶ 7); BOP Program Statement 5220.01.

Here, as of June 9, 2025, records reflect that Coleman "[d]eclined programming." (Ex. 1 – Allison-Love Decl., ¶ 8 & Att. 2). That's why his latest credit worksheet indicates that the Bureau of Prisons "[c]annot apply" Coleman's earned FTCs. (*Id.*, Att. 2 (emphasis added)). As a

6

result, despite his eligibility to *earn* FTCs, the planning section of his credit worksheet lists his FSA Conditional Release Date and FSA Conditional Placement Date as "N/A." (*Id.*). And Coleman's projected release date is currently listed as January 18, 2035, via Good Conduct Time Release. (*Id.*, Att. 3, Sentence Monitoring Computation).

## Argument

**Coleman's petition should be dismissed as moot because he is no longer categorized as ineligible to earn First Step Act time credits based on his offense of conviction.**

Coleman's petition should be dismissed because the Bureau of Prisons has changed its position on § 3632(d)(4)(D)(lviii) to conform to *Valladares*, and it no longer categorizes Coleman to be ineligible to earn FTCs based on his offense of conviction. Given those developments, his petition is now moot.

Under the "case or controversies" requirement of Article III of the Constitution, there must exist an actual controversy at all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990). As the Sixth Circuit has explained, "it is not enough that a dispute was alive when [the petitioner's] habeas corpus petition was filed in the district court.

[The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007). "Mootness results when events occur during the pendency of litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). When a case becomes moot, dismissal for lack of jurisdiction under Fed. R. Civ. P 12(b)(1) is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014).

Here, the controversy is no longer live. Relying on the Fourth Circuit's interpretation of § 3632(d)(4)(D)(lviii) in *Valladares*, Coleman seeks a determination that his offense of conviction does not disqualify him from earning FTCs, because he never pleaded guilty to the death-resulting enhancements. Now that the Bureau of Prisons has changed its position to conform to *Valladares* and no longer considers Coleman to be ineligible from earning FTCs based on his offense of conviction, this Court is unable to grant any meaningful relief. *See De Jesus-Rodriguez v. Warden*, No. CV 23-03609, 2025 WL 1334618, at *1 (D.N.J. May 7, 2025) (dismissing petition as moot because "Petitioner has

8

received the relief he requested—namely, to be marked as "eligible" for FSA Time Credits and to have his earned Time Credits applied to his sentence"); *Valencia v. Warden*, No. 1:23-CV-00148, 2023 WL 8437573, at *1 (E.D. Cal. Nov. 7, 2023) ("Given that Petitioner has received the remedy he requested in his petition, the undersigned finds that no case or controversy exists and dismissal is warranted on this ground."). Coleman will still need to satisfy the criteria to have his earned FTCs applied at the appropriate time, but his eligibility to earn FTCs has already been resolved in his favor.

## Conclusion

The petition should be dismissed as moot.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Jessica Currie
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9531
jessica.currie@usdoj.gov

Dated: June 17, 2025

9

## Certificate of Service

I certify that on June 17, 2025, I electronically filed this motion to dismiss with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Jessica Currie
Assistant United States Attorney